IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN MICHAEL SCHAEFER        *
                            *
          Plaintiff          *
                            *
     v.                      *     Civil Action No. WMN-12-1171
                            *
ELAINE LEBOW-SACHS           *
                            *
          Defendant          *
                            *

*     *     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment.[1]  ECF No. 12.  The motion is fully briefed.  Upon consideration of the pleadings, facts, and applicable law, the Court determines that (1) no hearing is necessary, Local Rule 105.6, and (2) Defendant's Motion to Dismiss will be granted.

---

[1] Also before the Court is Plaintiff's Motion for Leave to file a surreply to Defendant's motion to dismiss or for summary judgment.  ECF No. 19.  Local Rule 105.2(a) provides that "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."  Such leave is appropriate, however, "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply."  Khoury v. Meserve, 268 F. Supp. 2d 600, 605 (D. Md. 2003) aff'd, 85 F. App'x 960 (4th Cir. 2004).  The Court finds that this is not the case here.  Plaintiff's proposed surreply is simply an addition to the arguments he makes in his opposition.  Plaintiff's motion for leave will, therefore, be denied.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

In April 2012, Plaintiff, John Michael Schaefer, who is proceeding pro se, filed a two-count complaint alleging (1) tortious interference with an economic relationship,[2] and (2) breach of the implied covenant of good faith and fair dealing. Specifically, Plaintiff, a personal friend of the late Governor William Donald Schaefer,[3] alleges that he and Governor Schaefer established an economic relationship because Plaintiff paid for and participated in various activities with Governor Schaefer. These activities included errands, in-home visits, lunch and dinner events, and movies.  Plaintiff alleges that Defendant, Elaine Lebow-Sachs, Governor Schaefer's former power of attorney and executor of his estate, acted in opposition to Governor Schaefer's wishes by (1) not allowing Plaintiff to see Governor Schaefer on various occasions, and (2) not giving Plaintiff a property owned by Governor Schaefer, valued at $200,000, upon Governor Schaefer's passing.  Finally, Plaintiff alleges that Defendant altered Governor Schaefer's will without any authority, such that Defendant received $800,000 which, according to Plaintiff, should have passed to Plaintiff's

_____

[2] Plaintiff styled his claim as "intentional interference with economic relationship."  Maryland recognizes the claim of tortious interference with an economic relationship and the Court interprets Plaintiff's claim in that light.

[3] Although Plaintiff and Governor Schaefer share the same last name, they are not related.

friend, Linda Jean Bell.  Plaintiff seeks $200,000 compensatory damages and $800,000 punitive damages.

On October 10, 2012, Defendant filed the present Motion to Dismiss, or in the Alternative, for Summary Judgment pursuant to Fed. R. Civ. P. 12(b)(6) and 56.

## II.   LEGAL STANDARD

To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter...to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)).  In analyzing the complaint, the court must accept as true all well-pled allegations of the complaint and construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). Nonetheless, the court need not accept a plaintiff's legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  Therefore, "[d]etermining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.

Because Plaintiff is proceeding pro se, his complaint must be liberally construed.[4]  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Erickson v. Pardus, 551 U.S. 89, 94 (2007); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Indeed, "a pro se litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his or her claim that would entitle her to relief." Roberston v. Md. Med. Advisory Bd. Motor Vehicle Admin., Civ No. RDB-10-2696, 2011 WL 4443438 at *1 (D. Md. Sept. 22, 2011) (quoting Goron v. Leeke, 574 F.2d 1147 (4th Cir. 1978)).  But, "even a pro se complaint must meet a minimum threshold of plausibility." Mwabira-Simera v. Thompson Hospitality Services, LLP, Civ. No. WMN-11-2989, 2012 WL 95383 at *3 (D. Md. Mar. 20, 2012).

## III.  DISCUSSION

### A.  Collateral Estoppel Bars Plaintiff's Claim for Tortious Interference With an Economic Relationship.

Defendant relies on the doctrine of collateral estoppel to argue that Plaintiff's claim for tortious interference with an economic relationship should be dismissed.  Collateral estoppel "bars the relitigation of specific issues that were actually determined in a prior action." Sartin v. Macik, 535 F.3d 284,

---

[4] Plaintiff is a former lawyer.  He was disbarred in Nevada and California.  ECF No. 12-3.  There is no evidence that he is licensed to practice in Maryland.

4

287 (4th Cir. 2008).  This bar also precludes parties from
relitigating issues in federal court that were already
determined in state court.  See Alston v. Robinson, 791 F. Supp.
569, 580 (D. Md. 1992) ("[I]n order to preserve the right to
return to federal court to litigate specific issues, a party
must inform the state court of his or her intention to reserve
those issues, and must not press and litigate those issues in
the state court proceedings.").  A federal court must use the
state law under which a prior judgment was rendered to determine
whether an issue should be precluded in a later federal
proceeding.  Migra v. Warren City School Dist. Bd. of Educ., 465
U.S. 75, 81 (1964).

    Maryland recognizes defensive use of nonmutual collateral
estoppel, where a defendant seeks to preclude a plaintiff from
relitigating an issue that was previously litigated against
another party.  Culver v. Md. Ins. Comm'n, 931 A.2d 537, 542
(Md. App. 2007).  A four-part test determines whether nonmutual
collateral estoppel applies:

> (1) Was the issue decided in the prior adjudication
>     identical with the one presented in the action in
>     question?
> (2) Was there a final judgment on the merits?
> (3) Was the party against whom the plea is asserted a
>     party or in privity with a party to the prior
>     adjudication?
> (4) Was the party against whom the plea is asserted
>     given a fair opportunity to be heard on the issue?

Leeds Fed. Sav. and Loan Ass'n v. Metcalf, 630 A.2d 245, 250
(Md. 1993) (citing Washington Suburban Sanitary Commission v.
TKU Associates, 376 A.2d 505 (Md. 1977)).

Applying this test to the present case, the Court finds
that Plaintiff is precluded from relitigating the issue of
whether an economic relationship existed between himself and
Governor Schaefer.  First, Plaintiff's case in Baltimore County
Orphans' Court and later appealed de novo in the Circuit Court
for Baltimore County, addressed the issue of whether Plaintiff
and Governor Schaefer had an established economic relationship
based on Plaintiff visiting Governor Schaefer and taking
Governor Schaefer "to lunch or to breakfast or for giving him
two dollar bills or for other things."  ECF No. 12-12 at 3.
Here, Plaintiff bases his claim, which requires the existence of
an economic relationship, on the same evidence.  Plaintiff
states,

> There existing [sic] an economic relationship between
> [Governor Schaefer] and Plaintiff arising from the
> January 2007 negotiation of extensive personal
> chauffeur and hosted breakfast, lunch, dinner events,
> plaintiff's substantial investment in human
> services...Defendant intentionally interfered with the
> established economic relationships to plaintiff's
> substantial detriment.

ECF No. 1 at 6-7.  Therefore, the issue of whether an economic
relationship existed between Plaintiff and Governor Schaefer,

which was litigated in the Baltimore County courts, is identical
to the issue here.

Second, the Circuit Court's order dismissing Plaintiff's
claim constitutes a final judgment on the merits.  In issuing
the order dismissing Plaintiff's claim, the Circuit Court
decided that there was no evidence that an economic relationship
existed between Governor Schaefer and Plaintiff.  ECF No. 12-12
at 5 ("[T]here is no indication that Governor Schaefer ever
agreed to any of that, that he agreed to pay for anything for
[Plaintiff's] companionship.  It's what [Plaintiff] thinks he is
entitled to because he did spend time.  Well I don't think he is
entitled to anything for spending time.  Certainly Governor
Schaefer didn't agree to give him anything for doing it, and in
the absence of that proof, the claim...has to be denied.").
This constitutes a final judgment on the merits regarding the
issue of whether an economic relationship existed.

Third, because Plaintiff, the party against whom collateral
estoppel is asserted, was party to the prior lawsuit, the third
prong of the collateral estoppel test is clearly satisfied.

Finally, the Court determines that Plaintiff was given a
fair opportunity to be heard on the issue of whether the claimed
economic relationship existed.  Both the Orphans' Court and
Circuit Court heard Plaintiff's testimony and reviewed his
evidence.  ECF No. 12-12 at 3 (referencing Plaintiff's testimony

7

and evidence in the oral opinion).  Therefore, Plaintiff had two opportunities to present his case at two hearings, and in neither case was Plaintiff's argument found to have merit.

Plaintiff's claim for tortious interference with an economic relationship cannot survive without an economic relationship having been established.  Indeed, Plaintiff calls the existence of an economic relationship "the touchstone of his claim."  ECF No. 15-1 at 8.  Based on the foregoing, however, Plaintiff is collaterally estopped from relitigating that issue in this Court.

**B.   Maryland Does Not Recognize the Breach of Duty of Good Faith and Fair Dealing as an Independent Claim.**

As to Plaintiff's second claim, Defendant notes that Maryland does not recognize an independent cause of action for the breach of duty of good faith and fair dealing.  Breach of that duty is an element of other causes of action, such as a breach of contract claim, and does not stand alone.  Mount Vernon Props. V. LLC Branch Banking & Trust Co., 907 A.2d 373 (Md. App. 2006).  Because Plaintiff asserts breach of the implied duty of good faith and fair dealing as an independent claim, and separate from any other recognized cause of action, it will be dismissed.

**IV.   CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss will be granted.  Plaintiff's claims for tortious interference with an economic relationship and breach of the implied duty of good faith and fair dealing will be dismissed.  A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

February 26, 2013